IN THE SUPERIOR COURT OF GUAM

PIA MARINE HOMEOWNERS
ASSOCIATION,

           Plaintiff,

      v.

KINOSHITA CORPORATION GUAM, INC.,

           Defendant.

CIVIL CASE NO. CV1385-07

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 1st day of July 2011, for hearing on Plaintiff's Motion for Relief from Judgment, requesting relief from the amount of attorneys' fees ordered to be paid to the Plaintiff's former attorneys as part of a default judgment issued. Attorney Curtis C. Van de veld represented the Plaintiff, the Defendants were unrepresented and did not appear, and Attorney Thomas J. Fisher appeared on behalf of the firm of Shimizu, Canto, & Fisher, and Fisher and Associates, P.C. The Court now issues the following Decision and Order on the matter presented.

## DISCUSSION

Rule 60(b) of the Guam Rules of Civil Procedure states in relevant part:

Relief from Judgments or Order. . . .(b) Mistakes; Inadvertence, Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Guam.R.Civ.P. Rule 60(b)(2012).

The Plaintiff has filed this motion for relief from pursuant to GRCP Rule 60(b). Plaintiff fails to inform the Court of the specific subsection alleged to constitute the basis for this motion; however, Plaintiff asserts that relief from the portion of the "Default Judgment" regarding attorney's fees, as granted on March 22, 2010, is warranted because there was an error of law in granting attorney's fees within the "Default Judgment" itself in contravention of the clear requirements of GRCP Rule 54. Accordingly, only subsection one is implicated in the motion. The motion was filed on March 22, 2011, within one year of the "Default Judgment" entered, and therefore, the motion is timely.

Although the document from which Plaintiff seeks relief is entitled "Default Judgment," no judgment has issued in this case. Guam Rule of Civil Procedure 58 requires, with only a few exceptions, that "[e]very judgment shall be set forth on a separate document. . . ." Guam.R.Civ.P. Rule 58 (2012). The mandate of Rule 58 sets forth the "separate document rule." This rule requires the entrance of a separate document setting forth judgment after the issuance of any decision disposing of a claim, excepting orders issued on motions made under

Rules 50(b), 52(b), 54, 59, and 60. GRCP Rule 58(a)(1). Strict adherence to the mandates of Rule 58 is required. Gill v. Siegel, 2000 Guam 10 ¶ 6 (citing Merchant v. Nanyo Realty, 1997 Guam 16 ¶ 15).

Default judgments do not constitute an exception to the "separate document rule." GRCP Rules 55 and 58 (a)(1)(2012). No separate judgment has yet been entered and there is nothing to show compliance with Rule 58, or to show that this Court's "Default Judgment" could be conceived as a judgment or final interlocutory order meeting the criteria required to show finality. *See* Merchant v. Nanyo Realty, 1997 Guam 16 ¶¶ 3, 16 (finding that Decision and Order dismissing a case did not constitute a final judgment); *see also* Long v. Coast Resorts, Inc., 267 F.3d 918, 922 (9th Cir. 2001)(finding that "order and judgment" containing legal facts and analysis did not constitute final judgment under Rule 58, because it did not constitute a separate document of judgment).

There is no argument or authority to show that the "Default Judgment" issued could be conceived as a judgment. Under GRCP Rule 58, for the purposes of finality, a separate judgment is required after the entry of the default judgment. However, Rule 60(b) may be used to grant relief from either a judgment or any other order issued by a court, thus, Rule 60(b)(1) is applicable to provide relief from the "Default Judgment" issued on March 22, 2010.

The Court next addresses whether the Plaintiff alleges an "error" which would merit relief, as contemplated under Rule 60(b)(1). In jurisdictions allowing relief under Rule 60(b)(1) for judicial errors, the conclusions or interpretations of the court after considering applicable law and arguments do not constitute "mistake" or "error" justifying relief within the purview of Rule 60(b)(1). *See, e.g.,* United States. v. 31.63 Acres of Land, 840 F.2d 760, 761-62 & n.4 (10th Cir. 1988)(argument that ruling was based on a misapplication of the law does not provide

a basis for relief under Rule 60(b)); and <u>Alvestad v. Monsanto Co.</u>, 671 F.2d 908, 913 (5th Cir. 1982)(argument that district court misinterpreted the law does not come within the ambit of Rule 60(b)).  Thus, where a court has carefully considered all arguments and applicable authority, and merely reaches a flawed conclusion, relief may not be granted on the basis of judicial mistake or error under Rule 60(b)(1).

Instead, relief under Rule 60(b)(1) in these jurisdictions is limited to situations in which the error alleged is simple mistake, omission, or inadvertence.  The rule has "generally been construed to govern errors of law properly characterized as judicial 'oversight' such as 'overlooking controlling statutes or case law.'"  <u>In re Ta Chi Navigation (Panama) Corp. S.A.</u>, 728 F.2d 699, 703 (5th Cir. 1984).  These courts have found that the purpose of Rule 60(b)(1) "is to permit the trial court to reconsider and correct 'obvious errors of law' without forcing the parties to engage in the machinery of appeal."  <u>United States v. 329.73 Acres of Land</u>, 695 F.2d 922, 925 (5th Cir. 1983) (quoting <u>Fackelman v. Bell</u>, 564 F.2d 734, 736 (5th Cir. 1977)).  Such obvious errors of law include instances where a court's determination is clearly at odds with the plain wording of a statute, i.e., the failure to apply a limiting provision, or an award in excess of the statutory maximum.  *See* <u>Meadows v. Cohen</u>, 409 F.2d 750, 753 (5th Cir. 1969); and <u>Caraway v. Sain</u>, 23 F.R.D. 657, 659–660 (N.D.Fla., 1959).

In the only case to specifically address the subject of whether an award of attorney's fees may be addressed under Rule 60(b) under similar circumstances, <u>Landau & Cleary, Ltd. v. Hribar Trucking, Inc.</u>, 867 F.2d 996 (7th Cir. 1989), the Seventh Circuit Court of Appeals held that in fact, the sole available remedy for client a who sought to challenge fees granted to his own attorney was to file a motion for relief from judgment under Rule 60(b), rather than a motion for "recoupment" of the fees.  <u>Id.</u>, at 1001–03.  The circuit court found that Hribar had

waived his right to challenge the fees through his insistence that his motion for relief was not a Rule 60(b) motion:

> It is entirely possible, had Hribar filed a Rule 60(b) motion, that the district court would have been able to fashion relief for him thereunder. Hribar did not, however, file such a motion, and indeed foreswore reliance on Rule 60(b). Thus, we affirm the district court's denial of the motion for recoupment. Hribar's only available legal remedy, as we will discuss below, was Rule 60(b), not the so-called "motion for recoupment." Since Hribar did not make a Rule 60(b) motion, and in fact disclaimed reliance on that rule, he is deemed to have waived his rights under it.

Id., at 1001.

As discussed in Landau, Rule 60(b) is the only vehicle by which to challenge attorney's fees by way of relief from an order or judgment. Moreover, the error alleged in this case falls into that category of errors which are properly addressed through Rule 60(b)(1) as an obvious error of law which was not previously considered by the Court, as it was entirely omitted from the documents and citations submitted by the Plaintiff's former attorneys. The Plaintiff's former attorneys included their desired amount of attorneys' fees as an award within the "Default Judgment" submitted. However, Guam Rule of Civil Procedure 54(d)(2)(A) requires that "[c]laims for attorneys' fees . . .*shall be made by motion* unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." Guam.R.Civ.P. 54(d)(2)(A) (2012) (emphasis added). Provided, however, that Rule 54(d)(2)(A) does not permit use of the post-trial motion procedure where the substantive law requires those fees be proved at trial as an element of damages. GRCP 54(d)(2)(A). In any case, Rule 54(d) requires that attorney's fees must be raised either by motion after judgment, or must be proven at trial. Neither method was used to raise the issue of the award of attorney's fees in this action, as an amount which was pre-determined by the attorneys was simply inserted into the "Default Judgment" submitted for the Court's signature. Thus, there was an obvious

omission of the application of the requirements of GRCP Rule 54, which should be remedied through application of GRCP Rule 60(b)(1).

### 1) Attorney's Fees By Motion or By Trial?

Unless the Court finds that the substantive law regarding this action sets forth attorneys' fees as an element of damages, the Plaintiff's former attorneys were required to file a request for an award with the Court in the form of a motion made after judgment. Accordingly, the Court must first look to the substantive law governing this case to determine whether the Plaintiff's former attorneys were required to file a motion, and to determine the proper procedure for obtaining an award for attorney's fees.

The complaint is labeled, "Complaint for Foreclosure of a Lien on Unit 1301 of the Pia Marine Condominiums," and under GRCP Rule 54(d)(2)(A), the Court is required to determine the substantive law governing the foreclosure of the lien. The Bylaws of the Association of Apartment Owners of Pia Marine, included as "Exhibit C" to the Complaint, contain two relevant governing provisions, Sections 8.02.05 and 8.02.06. Section 8.02.05, regarding liens for unpaid assessments for common area expenses states in relevant portion, "[a]ll sums assessed to any apartment pursuant to this Section 8.02, together with interest thereon as provided herein, shall be secured by a lien on such unit in favor of the Board." Complaint, Exhibit C, Bylaws of the Association of Apartment Owners of Pia Marine, Section 8.02.05 (filed November 9, 2007). Section 8.02.06 requires application of Guam's mortgage foreclosure laws, provides for attorney's fees, and states in portions most relevant to this analysis:

> To evidence a lien for sums assessed pursuant to this Section 8.02, the Board may prepare a written notice of lien setting forth the amount of the assessment, the due date, the amount remaining unpaid, the name of the owner of the apartment, and a description of the apartment. Such notice shall be signed by such body and may

be recorded in the office of the Recorder, Guam. No notice of lien shall be recorded until there is a delinquency in payment of the assessment. *Such liens may be enforced by foreclosure by the Board in the same manner in which mortgages on real property may be foreclosed on Guam. In any such foreclosure, the owner shall be required to pay* the cost and expenses of such proceeding, the cost and expenses of filing the notice of lien, and *all reasonable attorney's fees. All* such costs, expenses, and *fees shall be secured by the lien being foreclosed.*

Id., at Section 8.02.06 (emphases added).

There are particular cases in which attorney's fees constitute an element of damages which may be submitted for proof at trial, such as actions for attorney malpractice, breach fiduciary duty, breach of contract for professional services claims, and actions for attorneys' fees under the IDEA. *See, e.g.*, J.B. By and Through C.B. v. Essex-Caledonia Supervisory Union, 943 F.Supp 387, 390 (Dist. Ct. Vt. 1996); *see also* Lampkin v. International Union, United Auto., Aerospace and Agr. Implement Workers of America (UAW), 154 F.3d 1136, 1146–47 (10th Cir. 1998)(where plaintiff's claim consisted of breach of duty of fair representation, damages consisted solely of amount of attorney's fees which union was required to provide to the plaintiff).

The case before this Court is not one of those cases. Although there appears to be no bright-line rule on when attorney's fees should be considered an item of damages of a claim such that they must be tried, or when they constitute a separate issue to be determined after judgment instead, it does appear that attorney's fees are generally determined after judgment when the claim for attorney's fees is predicated on a statutory or contractual obligation to pay attorney's fees "to the prevailing party" or to the "party in whose favor judgment is entered," when the attorney's fees are incurred only as expenses of pursuing or defending the action, and when the attorney's fees provided for a party are not an integral part of the relief sought. Bender v. Freed, 436 F.3d 747, 749–50 (7th Cir. 2006); Crowe v. Bolduc, 217 F.R.D. 286, 286–87 (Dist.

Ct. Me. 2003); *see also* Gleason v. Norwest Mortgage, Inc., 243 F.3d 130, 137–38 (3d Cir. 2001).

The Supreme Court of Guam has stated generally that "claims concerning attorney's fees are "analytically separable" from underlying claims concerning liability." Asia Pacific Hotel Guam, Inc. v. Dongbu Ins. Co., Ltd., 2011 Guam 18 ¶ 27 (citing to Refino v. Feuer Transp., Inc., 480 F.Supp. 562, 567 (D.C.N.Y.1979)). In this case, the Plaintiff's entitlement to attorney's fees is not ambiguous, nor integral to the relief sought by the Plaintiff under the Horizontal Property Act and the Pia Marine Condominium Association By-laws. Therefore, the claim appears "analytically separable" and does not appear to constitute an issue of damages to be tried. Under Guam law, the interpretation of a statute or other legal provision "is a question of law" for the Court, not a question of fact for a jury or fact-finder. Lujan v. Lujan, 2012 Guam 7 ¶ 18. The Bylaws of the Association of Apartment Owners of Pia Marine unambiguously provide for the payment of reasonable attorney fees and costs incurred by the Plaintiff in the instant action, not as damages, but as incidental expenses.

Insofar as the relevant Bylaw provision, Section 8.02.06 is unambiguous, no question of its interpretation could be submitted to a trier of fact. *See* Eastern Trading Co. v. Refco, Inc., 229 F.3d 617, 626–27 (7th Cir. 2000) (demand for attorney fees not a "triable issue," in case in which contractual entitlement to fees was clear; "The issue of attorneys' fees (including amount) was therefore an issue to be resolved after the trial on the basis of the judgment entered at the trial, just as in cases in which statutory rather than contractual entitlements to attorneys' fees are involved.") (citations omitted); and Consolidated Biscuit Co. v. Karpen, 170 F.Supp.2d 782, 785 (N.D.Ohio 2001) (motion for attorney's fees appropriately addressed through motion pursuant to Rule 54(d)(2)(A) when, although "Karpen's claim for fees derives from his contract

with Consolidated, he seeks to recover solely for work on this case in this court. His claim does not require construction of the underlying contract .... All that is in dispute is the amount of such award."). Under Section 8.02.06, the attorney's fees are only recoverable as included expenses and costs of the proceeding for foreclosure. For purposes of Rule 54(d)(2), the substantive law governing this action does not "provide[ ] for the recovery of [attorney's] fees as an element of damages to be proved at trial," and the Court concludes that any award of attorney's fees was required to be made on properly filed motion by Plaintiff's former attorneys.

Subsection (b) of Rule 54 elaborates on the motion procedure for a request for attorneys' fees: "[u]nless otherwise provided by statute or order of the court, the motion [for attorney fees] must be filed no later than [fourteen] days after entry of judgment." Guam.R.Civ.P. 54(2)(b) (2012). As the parties should be aware, and as previously discussed by the Court in this opinion, no final judgment as required by GRCP Rule 58 was ever issued in this case. Accordingly, no motion for attorney's fees could have yet been filed, nor could have yet been granted. Thus, the Court's execution of the "Default Judgment" prepared by Plaintiff's former attorneys, which included an award of attorney's fees, without motion, hearing, trial, or judgment, was in error, and relief must be granted.

2) Relief from the Order is Required in order to Comply with Rule 52(a)

Even more importantly and definitively, regardless of whether the Court found that a motion hearing was required to properly raise and hear the issue of attorney's fees in this case, or the matter should be proved at trial under GRCP Rule 54(d)(2)(A), in all cases, under the mandate of GRCP Rule 54(d)(2)(C), the Court is required to separately find the facts and state its conclusions of law regarding the reasonableness of the amount of attorney's fees pursuant to Rule 52(a). This requirement is compulsory, and the failure to provide express oral or written

findings concerning the standard applied and justification for the amount of the award of attorney's fees under Rule 52(a) eliminates the ability of an appellate court to review it, and will result in reversal and remand for compliance with the rule. Mattel, Inc. v. Walking Mountain Productions, 353 F.3d 792, 815 (9th Cir. 2003); Gunter v. Ridgewood Energy Corp., 223 F.3d 190, 196 (3d Cir. 2000); Schwarz v. Folloder, 767 F.2d 125, 133 (5th Cir. 1985); *see also* Moulton v. U.S. Steel Corp., 581 F.3d 344, 352 (6th Cir. 2009); and In re Cendant Corp. PRIDES Litigation, 243 F.3d 722, 727, 733 (3d Cir.), *cert. denied*, 534 U.S. 889 (2001).

In this case, the Plaintiff's former attorneys ignored the mandate that attorney's fees must be separately determined in a finding of facts and conclusions of law under GRCP Rule 52(a), through GRCP Rule 54(d)(2)(C), and simply inserted an amount of desired attorney's fees into the proposed default judgment for the Court's signature. Thus, there was no compliance with either rule. If the Court does not utilize Rule 60(b) to correct this deficiency now, reversal and remand in order to cure the deficiency would be assured on appeal.

3) Re-examination of Entire Default Judgment Issued

In its examination of the "Default Judgment" issued in this case under the standard of GRCP Rule 54, the Court was required to analyze the "substantive law governing the action" to determine the elements to be proven at trial, and determine whether attorney's fees constituted such an element. In the course of its analysis of the substantive law of the action in conjunction with the "Default Judgment" issued, it became apparent that the entire "Default Judgment" in this "Complaint for Foreclosure of a Lien on Unit 1301 of the Pia Marine Condominiums" was issued in error.

Because the Guam Rules of Civil Procedure are directly derived from the Federal Rules of Civil Procedure, federal cases interpreting these rules constitute highly persuasive authority in Guam. People v. Diaz, 2007 Guam 3 ¶ 14, n.4.

In some jurisdictions, a court may *sua sponte* re-examine an issue under Rule 60(b)(1) where the court has failed to address a decisive issue or overlooked relevant law and has made an initial decision without considering those matters. These jurisdictions have found that the interests of judicial economy are best served by allowing a court to correct its own errors under Rule 60(b), rather than forcing an appeal on issues which were inadvertently overlooked by the trial court. "Overburdened courts, trial and appellate, should not have to squander precious time and resources in such artificial maneuvers where the Judge on his own and in time faces up to the error and corrects it by effective action." McDowell v. Celebrezze, 310 F.2d 43, 44 (5th Cir. 1962); *accord* Tarkington v. United States Lines Co., 222 F.2d 358, 360 (2d Cir. 1955); and Gila River Ranch, Inc. v. U.S., 368 F.2d 354, 358 (9th Cir. 1966).

The Supreme Court of Guam has not yet specifically adopted a position concerning whether a trial court may correct its own judicial oversight in a civil matter under GRCP Rule 60(b). However, under the equivalent criminal "reconsideration" doctrine of "the law of the case," the Supreme Court of Guam has acknowledged and affirmed the lower court's discretion to *sua sponte* change its own previous ruling based on new evidence or error creating a manifest injustice. People v. Gutierrez, 2005 Guam 19 ¶ 42. Based on this precedent, this Court can find no rationale to prevent a trial court from re-examining and changing its own previous ruling in a civil case, when it may do so in a criminal case, where the penalties involved, including loss of liberty, are far greater than any possible corresponding civil penalties. Finally, GRCP Rule 55 (c) states, "[f]or good cause shown, the court may set aside an entry of default and, if a

judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Although no judgment has yet been entered, it appears that defaults should be set aside under either rule if they have been entered improperly. Consequently, the Court finds that it has the authority to review its previous ruling on the request for default judgment in order to promote the efficient use of judicial resources, and correct a judicial oversight.

In this case, as previously noted, the substantive governing law regarding foreclosure of unit 1301 in the Pia Marine Condominium complex is contained in both the Bylaws of the Association of Apartment Owners of Pia Marine, Section 8.02 and the Guam code regarding mortgage foreclosures. Specifically, in order for the Board of the Pia Marine Homeowners Association to begin foreclosure proceedings, first, "the Board may prepare a written notice of lien setting forth the amount of the assessment, the due date, the amount remaining unpaid, the name of the owner of the apartment, and a description of the apartment. Such notice shall be signed by such body and may be recorded in the office of the Recorder, Guam." Complaint, Exhibit C, Bylaws of the Association of Apartment Owners of Pia Marine, Section 8.02.06 (filed November 9, 2007).

This presents the first notable error in the foreclosure action. Although the Complaint in this case contains allegations that a lien was prepared and recorded, and attached to the Complaint filed as "Exhibit A," no such lien was attached to the Complaint. "Exhibit A" attached consists of a "Pia Marine Condominium Apartment Unit Deed" for Unit 1301, and this deed does not contain any notation of any recorded lien. *See* 21 GCA §§ 29148 and 29159. The Court notes that the Complaint is verified, and the Court may rely on its allegations as true; however, the allegations contain no indication as to whether the lien, as prepared and recorded, complied with any of the requirements of Section 8.02.06.

Next, in order to accomplish foreclosure, Section 8.02.06 directs, "[s]uch liens may be enforced by foreclosure by the Board in the same manner in which mortgages on real property may be foreclosed on Guam." Complaint, Exhibit C, Bylaws of the Association of Apartment Owners of Pia Marine, Section 8.02.06 (filed November 9, 2007).

Guam law regarding mortgage foreclosures particularly requires: (1) the issuance of judgment for a sum certain owing on the mortgage or obligation; (2) an order to pay the sum certain to the Court within three months; (3) an order for judicial sale of the property under execution if the sum is not paid; (4) judicial confirmation of the sale; and (5) the issuance of a final decree which includes "the name of the purchaser, with a description of the estate purchased by him." 7 GCA §§ 24103, 24104, and 24108 (2012). 7 GCA § 24101, entitled "Foreclosure of Mortgages" requires precise compliance with these Guam code sections in order to accomplish the foreclosure, stating "[a]ny action for the recovery of any debt, or the enforcement of any right secured by mortgage on real or personal property, *must be in accordance with the provisions of this Chapter*. All actions for the foreclosure of a mort-gage or other encumbrance upon real estate must be brought in the Superior Court." 7 GCA § 24101 (2012)(emphasis added).

After a review of these code sections and the Court's file, it is apparent that none of these requirements were met. There has been no judgment issued, no order for the issuance of payment to the Court, no order for judicial sale of Unit 1301, no confirmation of the sale by the Court, and no issuance of a final decree confirming all of these proceedings and recording the judicial sale. These mandates, as adopted in the Bylaws of the Association of Apartment Owners of Pia Marine have been entirely omitted from the Default Judgment submitted in this case. Accordingly, the entire Default Judgment must be VACATED in accordance with GRCP

Rule 60(b)(1) in order to accomplish foreclosure of Unit 1301 of the Pia Marine Condominiums.

## CONCLUSION

After considering the motion, the Court finds that there was no compliance with either GRCP Rule 54(d)(2), or 7 GCA §§ 24103, 24104, and 24108. Based upon the foregoing, the Motion for Relief is GRANTED, and further, the entire Default Judgment is VACATED. Further Proceedings are scheduled for ___SEP 2 1 2012___ _at_ _11:00 AM_.

**IT IS SO ORDERED** this ___JUL 2 6 2012___ .

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of:
UPM of VRID,
PLEHEL
Date: 7-26-0 Time: 4 PM

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam